Lena Loeb, Respondent, *v.* Richard Loeb, Appellant.

First Department, October 24, 1961.

*Marvin L. Levitt* (*Melvin J. Katz* with him on the brief), attorney for appellant.

*Robert L. Ellis* of counsel (*Seymour B. Quel* with him on the brief; *Leo A. Larkin, Corporation Counsel*), for respondent.

*Per Curiam.* Respondent husband appeals from an order of the Domestic Relations Court which directed him to pay $1,210 for proposed necessary dental expenses on behalf of his wife.

The parties were married in 1947; and, in 1956, the wife obtained an order in the Domestic Relations Court requiring the husband to pay $50 per week on a means basis. Thereafter, in April, 1960, the wife moved to compel the husband to provide necessary dental care for her. After a hearing, it was found that the recommended dental program was necessary and that the reasonable cost would be $1,210.

In our opinion, the Family Court Division of the Domestic Relations Court of the City of New York had no jurisdiction to make the order appealed from. Section 91 of the Domestic Relations Court Act gives the Family Court jurisdiction to hear and determine all proceedings to compel the support of a wife, child or poor relative. Section 92 of the Act provides:

" § 92. Powers.

" In the exercise of its jurisdiction the court shall have power

" (1) To order support of a wife or child or both, irrespective of whether either is likely to become a public charge, as justice requires having due regard to the circumstances of the respective parties.

" (2) To include in the requirements of an order for support the providing of necessary shelter, food, clothing, care, medical attention, expenses of confinement, the expense of educating his child, the payment of funeral expenses, and other proper and reasonable expenses.

" (3) To require of persons legally chargeable with the support of a wife, child or poor relative and who are possessed of sufficient means or who are able to earn such means, the payment weekly, or at other fixed periods, of a fair and reasonable sum for such support, or as a contribution towards such support, according to the means of the persons so chargeable; provided, however, that the amount that the court may require a respondent to pay for the support of the petitioner shall not exceed fifty dollars a week. Such limitation shall not, however, apply to a petitioning wife who is pregnant or the mother of a child or children in her custody."

The $50 per week is a limitation written into subdivision (3) of section 92 in 1933 (L. 1933, ch. 482). Its purpose, as stated in " Cannon " v. " Cannon " (190 Misc. 677, 684) " was to divert to the Supreme Court all matrimonial litigation where the husband-father might be in a position to pay more than $50 a week, to constitute the Family Court a so-called ' poor man's court ', and to circumscribe accordingly its concurrent jurisdiction with the Supreme Court." Subdivision (3) of section 92 was subsequently amended so as to remove the limitation on the amount which the court might award for the support of a wife who is pregnant or the mother of a child or children in her custody (L. 1949, ch. 266).

We are, of course, not concerned with the wisdom of the legislation. Since the Supreme Court has no jurisdiction to decree support for a wife except as an adjunct to a matrimonial action, the Domestic Relations Court remains the only avenue by which a wife, not seeking a divorce or separation, may obtain a support order. Where a husband can well afford to pay more than $50 per week, the limitation of $50 per week may seem an unrealistic restriction. Nevertheless, the Legislature has seen fit to fix that ceiling; and attempts to amend the section to remove it have been unsuccessful (see 1956 Sess., Ass. Pr. No. 1571, Int. No. 1536). The existence of such a limitation has been recognized in treatises (16 N. Y. Jur., Domestic Relations, § 613, p. 170; Grossman, Law of Domestic Relations, § 217, p. 151). (See, also, Langerman v. Langerman, 203 Misc. 230.)

Since the husband herein had already been directed to pay $50 per week in 1956, the wife could not avoid the limitation of sub-

division (3) of section 92 by seeking additional support in the form of payment for dental expenses.

The Family Court is a court of limited jurisdiction and it cannot exercise powers beyond those granted to it by statute (*Matter of Raffone* v. *Raffone,* 20 Misc 2d 733, 734; *Ahearn* v. *Ahearn,* 4 Misc 2d 1043, 1045; " *Harrison* " v. " *Harrison* ", 202 Misc. 19, 21). The statute makes no provision for supplementary awards for medical expenses over and above the $50 per week limitation. An order for support may include provision for medical attention under subdivision (2) of section 92. But the specific limitation of $50 per week contained in subdivision (3) would encompass all matters for which support was ordered for a spouse (see " *Solomon* " v. " *Solomon* ", 191 Misc. 80). The Domestic Relations Court may not, directly or indirectly, exceed the $50 per week limitation in ordering support for a wife, who is not pregnant or the mother of a child or children in her custody. Consequently the direction herein to pay for dental expenses, in addition to the $50 per week which the husband was paying for the support of his wife, pursuant to an order of the Domestic Relations Court, went beyond the jurisdiction of that court. Whatever other remedy petitioner may have, it is not under section 92 of the Domestic Relations Court Act.

The order should therefore be reversed, on the law, and the wife's application denied, without costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and EAGER, JJ., concur.

Order entered on September 28, 1960 unanimously reversed, on the law, and the application denied, without costs.