■ In the Matter of ALICE BORKOWSKI, Respondent-Appellant, v. ARTHUR BORKOWSKI, Appellant-Respondent.— In a support proceeding, (1) petitioner's husband appeals from an order of the Family Court, Richmond County, dated February 23, 1971, which *inter alia* directed him (a) to make certain payments for support of petitioner and the parties' child, (b) to turn over $3,000 to petitioner and (2) to maintain the parties' marital premises; and (3) peti-

tioner appeals from a further order of the same court dated June 10, 1971 which denied her motion for reargument of the proceeding. Appeal by petitioner dismissed, without costs. An order denying reargument is not appealable (*Pagliero* v. *Baffa*, 22 A D 2d 920). Order dated February 23, 1971 reversed, on the law, without costs, and proceeding remanded to the Family Court for reconsideration. Insofar as the Family Court directed appellant to turn over to his wife certain moneys representing her one-half interest in a joint bank account and further directed him to continue making mortgage payments on the parties' marital premises while awarding him exclusive possession, the court exceeded its jurisdiction. The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute (*Loeb* v. *Loeb,* 14 A D 2d 270; *Matter of Burns* v. *Burns,* 53 Misc 2d 484, 487). It is authorized to grant support to dependents (N. Y. Const., art. VI, § 13; Family Ct. Act, § 412). Since the Family Court had no power to divide property, but had power to order support, it is necessary for that court to reconsider the whole matter. Rabin, P. J., Hopkins, Martuscello, Latham and Gulotta, JJ., concur.