■ ANTOINETTE CAPELLI, Appellant, v. RAYMOND CAPELLI, Respondent.— In the matter of an application for support and child custody which had been transferred from a matrimonial action in the Supreme Court, the wife appeals from an order of the Family Court, Rockland County, dated March 30, 1973, which granted the respondent husband's motion to modify a prior order of the latter court so as to delete therefrom a provision granting exclusive possession of the family residence to the wife. Order reversed, on the law, with $20 costs and disbursements, and respondent's motion denied. The prior order of the Family Court, upon the stipulation of the parties, awarded petitioner, *inter alia,* exclusive possession of the marital residence. Subsequently, in the matrimonial action, the Supreme Court granted petitioner a divorce, expressly continuing the Family Court's jurisdiction as to the questions of support and custody.

Upon another proceeding in the aftermath of the matrimonial action, the Supreme Court refused to alter the Family Court's direction as to the possession of the marital domicile and respondent sought such relief directly from the Family Court. Upon such application, the Family Court considered only the issue of whether it had subject-matter jurisdiction to grant a party to a matrimonial action exclusive possession of the marital domicile, either by virtue of its own limited original jurisdiction as provided for in the State Constitution and the Family Court Act or upon referral from the Supreme Court. After considering the pertinent provisions of law, the Family Court determined that it did not possess such jurisdiction and made the order under review. This we think was error. As we read article VI (§ 13, subd. c) of the State Constitution, when the Supreme Court refers a matrimonial case to the Family Court for the purpose of determining support and custody matters, the Family Court sits on the case with total jurisdiction as to those matters. Since lodging is as much a part of support as are monetary awards, we think that this grant of authority embraces the provisions of section 234 of the Domestic Relations Law which authorize the Supreme Court to settle questions of the right to possession of property between parties to matrimonial actions. We note that this decision does not affect our prior decision in *Matter of Borkowski v. Borkowski* (38 A D 2d 752) which was relied upon by the Family Court in arriving at its decision to modify its prior order. That case involved an original proceeding instituted in the Family Court, which was not incident to a matrimonial action and was in the Family Court without referral by the Supreme Court. For that reason, the Family Court was without jurisdiction in that case to make an award of exclusive possession of the marital domicile. The instant case is different and, therefore, our decision in *Borkowski* is inapplicable. Furthermore, the Supreme Court ratified the action of the Family Court in awarding exclusive possession of the premises to petitioner. Rabin, P. J., Hopkins, Shapiro, Christ and Brennan, JJ., concur.