FACTS
Edward J. McLaughlin, J.
On September 24, 1976, a petition was filed in this court by petitioner, requesting this court to compel her former husband, the respondent, to show cause why he should not execute and deliver to her a deed conveying all his interests in real property jointly owned by them. No child is involved in this case.
(a) Prior History: The petitioner and respondent were married on September 8, 1951, and were granted a divorce by Supreme Court, Onondaga County, on November 24,1972. The divorce decree provided, inter alla, that the respondent deed over to the petitioner all of his interests in the property jointly owned by them, located in the County of Onondaga. The decree also, in express terms, referred all matters pertaining to enforcement of the decree to the Family Court.
(b) Present Petition: The subject petition was filed on September 24, 1976. From 1973 to 1975, the respondent was ordered on numerous occasions to deed over his interest in real property to the petitioner pursuant to the provisions of the divorce decree. Finally, on June 6, 1975, the respondent was first ordered to show cause why he should not execute and deliver to the petitioner a deed in and to the premises or in lieu thereof, why the Onondaga County Sheriff should not be directed to execute and deliver to the petitioner a deed conveying the respondent’s interest in the property.
The matter then came before this court on December 16, 1976, on the issue of the right of Family Court to enforce a provision in the divorce decree requiring the transfer of title to real property. Decision was reserved pending the filing of briefs by respective parties. Briefs were ultimately submitted.
LAW
The instant case raises a question of first instance, concerning the scope of jurisdiction and range of powers of the Family Court. More precisely, this case focuses on the jurisdiction of the Family Court to enforce an order directing conveyance of *1054 real property between parties to a matrimonial action upon referral from the Supreme Court.
It is well recognized that the Family Court is a court of limited jurisdiction, whose powers and jurisdiction are limited to those expressly granted to it by the constitution and laws of New York State. (Loeb v Loeb, 14 AD2d 270; Matter of Burns v Burns, 53 Misc 2d 484.) Consequently, in a support proceeding, not incident to a matrimonial action, the Family Court is without power to divide property or otherwise direct the conveyance of property as between spouses. (Matter of Borkowski v Borkowski, 38 AD2d 752.)
Although the Family Court is not authorized to direct the transfer of title to property in a support proceeding, the Supreme Court is so authorized in a matrimonial action, provided there exist questions regarding title to the property. (Sagnard v Sagnard, 80 Misc 2d 984, affd 49 AD2d 751; Dolphus v Dolphus, 39 AD2d 829; Domestic Relations Law, § 234, subd [1].) Furthermore, where the Supreme Court directs the owner of real property to execute and deliver a deed to another, and the direction is disobeyed, the owner can be held in contempt. The Supreme Court may then enforce its order by directing the Sheriff, pursuant to CPLR 5107, to convey the real property and execute a deed in favor of the appropriate party. (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law, § 234, p 128.)
Despite the constraints placed on the Family Court by virtue of its own limited original jurisdiction, the Family Court in certain matters, has concurrent jurisdiction with the Supreme Court upon referral (NY Const, art VI, § 13). This concurrent jurisdiction includes the enforcement of Supreme Court orders in matrimonial actions, and arises in only two ways. The first, is by express referral, pursuant to subdivision (a) of section 466 of the Family Court Act. This requires the Family Court to enforce an order or decree granting support in a matrimonial action, where the Supreme Court expressly refers these matters to the Family Court in the decree itself. The second way that the Family Court obtains concurrent jurisdiction with the Supreme Court is by the latter’s silence or inaction. This amounts to a referral by deliberate abstention. (Family Ct Act, § 466, subd [c].) This also leaves to the discretion of the Family Court the choice of whether to entertain an application to enforce such order or decree. *1055 (Matter of Chesta v Chesta, 74 Misc 2d 548; Matter of Rand v Rand, 56 Misc 2d 997.)
Once the scope of jurisdiction of the Family Court is established through either deliberate abstention or express referral in the Supreme Court decree, the inquiry next turns to the range of enforcement powers available to the Family Court in the exercise of its jurisdiction.
In regard to Supreme Court decrees silent as to enforcement, the Appellate Division of the Third Department in Matter of "MM” v "MM” (39 AD2d 995), determined that where the Family Court entertains the application of an exwife to enforce the alimony provisions of a divorce decree, the Family Court is limited in its statutory methods of enforcement to those set forth in the Domestic Relations Law. Resort to the support provisions of article 4 of the Family Court Act was deemed improper. In support of its holdings, the court advanced the following rationale (p 995): "Since the obligation to support under section 412 of the Family Court Act is founded on the existence of a valid marriage, the procedure whereby the court sought to enforce the decree of divorce was improper.”[1]
Therefore, had the instant action involved a Supreme Court decree silent as to its enforcement, and had this court in its discretion entertained the petitioner’s application to enforce the decree, then this court would have been empowered with the same methods of enforcement available to the Supreme Court under the Domestic Relations Law. It then follows that this would include the power to direct the Sheriff to convey the real property and execute the deed in favor of the petitioner, pursuant to section 234 of the Domestic Relations Law and CPLR 5107.
However, when referral is made express under subdivision (a) of section 466 of the Family Court Act, the statutes and case law are silent in regard to the method of enforcement available to the Family Court, if any, to direct transfer of title to real property between parties to a matrimonial action. This then is the critical question which confronts this court in the present action.
In resolving this question, this court concludes that where *1056 the referral is express, the Family Court has available to' it the same methods of enforcement in the exercise of its jurisdiction as the Supreme Court.
Chief reliance for this proposition is found in article VI (§ 13, subd [c]) of the State Constitution, which reads as follows:
"The family court shall also have jurisdiction to determine, with the same powers possessed by the supreme court, the following matters when referred to the family court from the supreme court * * * applications to enforce judgments and orders of support”.
Indeed, if the powers of enforcement granted to the Family Court in the exercise of its jurisdiction pursuant to an express referral were anything less than the powers of enforcement possessed by the Supreme Court, then the referral statute would serve no logical purpose. If this were the case, the terms of the divorce decree would take on little significance to the parties whenever enforcement matters were referred to Family Court. In the final analysis, enforcement would be sought back in the Supreme Court, where the decree originated following a hapless detour to Family Court.
Such a result was clearly not intended by the architects of the Family Court Act. On the contrary, according to the Report of the Joint Legislative Committee on Court Reorganization, section 466 of the Family Court Act was designed to "avoid conflicts of jurisdiction and needless technical difficulties * * * [and] permit the Courts to render effective and speedy decisions in this area of the law.” When subdivision (a) of section 466 of the Family Court Act is read in light of the afore-stated legislative intent, the reasonable interpretation is to equate the powers of enforcement of Family Court with those of the Supreme Court.
Although the case before this court deals with the transfer of title to realty, a similar situation arises with the possession of real property. In Capelli v Capelli (42 AD2d 905), the provisions of section 234 of the Domestic Relations Law, which authorize the Supreme Court to settle questions of right to possession of property between parties to a matrimonial action, were held to be within the Family Court’s grant of authority. The court goes on to state in Capelli, (p 906), that "when the Supreme Court refers a matrimonial case to the Family Court for the purpose of determining support and custody matters, the Family Court sits on the case with total jurisdiction as to those matters.”
*1057 In conclusion, therefore, this court finds that the powers of enforcement available to the Family Court to compel the transfer of title to real property are the same as those held by Supreme Court under section 234 of the Domestic Relations Law and CPLR 5107.
In reaching this result, the court rejects the respondent’s contention that the Supreme Court and, therefore, the Family Court, is without the power to order the respondent to convey real property. The respondent bases this contention on a collateral attack in Family Court of the validity of the Supreme Court judgment. However, in order for respondent to prevail, he must overcome with clear and convincing proof the strong presumption that the Supreme Court had jurisdiction over both the person and the subject matter, when it rendered judgment. (Matter of Spring, 280 App Div 642; see dissent in Verney v Verney, 53 AD2d 608.) This the respondent has failed to do.
Accordingly, the respondent shall be ordered to execute and deliver to the petitioner a deed conveying his interest in the afore-mentioned real property within 30 days of entry of an order and service upon him of said order. In addition, the order will provide that in the event that respondent fails to so convey within the time provided that the Sheriff of the County of Onondaga shall be directed to convey respondent’s interest in said property to the petitioner pursuant to CPLR 5107.

. The Appellate Division of the First Department reached a different conclusion regarding enforcement where the Supreme Court decree is silent in Lampert v Lampert (51 AD2d 913). There the enforcement provisions of the Family Court Act were deemed appropriate. However, the case is distinguishable on the facts since the judgments sought to be enforced involved the support of children and included additional Family Court support orders not incidental to the Supreme Court decree.