Arthur J. Abrams, J.
This is an article 7 proceeding wherein the respondent is accused of committing an act which if committed by an adult would constitute the crime of criminal mischief in the fourth degree; a violation of section 145.00 of the Penal Law (a class A misdemeanor).
Respondent moves to dismiss the petition herein on the following grounds:
1. The court does not have subject matter jurisdiction because the adjustment period of two months (Family Ct Act, § 734, subd [c]) was exceeded without leave of the court.
2. The respondent has been denied a speedy trial in violation of his constitutional rights under the Sixth and Fourteenth Amendments.
With respect to respondent’s first contention, the court’s file reflects that the Intake Division of the Suffolk County Department of Probation received this matter from the Suffolk County Police Department on January 19, 1977. The file also reflects that the petition herein was filed with the court on March 18, 1977. Thus, the adjustment period of two months permitted by subdivision (c) of section 734 of the Family Court Act was not exceeded and respondent’s first contention is denied as being without merit.
Respondent’s second ground for dismissal of the petition poses a more difficult question. In essence, respondent argues that the rights available to an adult in a criminal proceeding are equally applicable to a juvenile in a juvenile delinquent proceeding. That since an adult is entitled to a speedy trial, so also is respondent herein. It is argued further that the time *730 limitations for commencing a trial as prescribed by CPL article 30 are applicable to a juvenile delinquency proceeding and under paragraph (b) of subdivision 1 of section 30.30 thereof respondent’s trial should have been held within 90 days of the commencement of this proceeding. That since this did not occur, the petition herein should be dismissed.
We might add, to our knowledge, there is no appellate case in New York which holds that a juvenile is entitled to all the rights afforded an adult under the Criminal Procedure Law.
Whether a juvenile delinquency proceeding can be equated to a criminal proceeding for constitutional purposes has never been definitely answered by the Federal courts (McKeiver v Pennsylvania, 403 US 528). Rather the United States Supreme Court has used the vehicle of the due process clause of the United States Constitution (United States Const, art XIV, § 1) to afford constitutional safeguards to respondents in juvenile proceedings. That court has taken the position that where "fundamental fairness” requires the application of such rights and the "impact” of those rights would not be such as to seriously interfere with the particular objectives that a State had in enacting its juvenile system, those rights would be afforded the juvenile.
Applying the afore-mentioned two criteria, the United States Supreme Court held that a juvenile could not be convicted except upon proof beyond a reasonable doubt (Matter of Winship, 397 US 358), that a juvenile had the right to counsel (Kent v United States, 383 US 541), that a juvenile was entitled to adequate notice of the charge and confrontation (Matter of Gault, 387 US 1), that a juvenile could not twice be placed in jeopardy (Breed v Jones, 421 US 519), all to be rights applicable to a juvenile' delinquency proceeding. However, using the same criteria, the United States Supreme Court has declined to afford a respondent a jury trial in a juvenile delinquency proceeding (see McKeiver, supra).
It is amply clear that an accused in a criminal proceeding is constitutionally entitled to a speedy trial (Klopfer v North Carolina, 386 US 213). The Supreme Court further stated in Matter of Gault (supra), p 13, "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone.” Thus in applying the "fundamental fairness” test can there be any question that a juvenile has as much right to timely prepare his defense and to so do while his and his witnesses’ recollection is fresh as does an adult?
*731 A criminal action is commenced by the filing of an accusatory instrument (CPL 1.20, subd 17) or by arrest (United States v Marion, 404 US 307). A juvenile proceeding is commenced by the filing of a petition (FCA § 731) or upon his being taken into custody (United States v Marion, supra). In Suffolk County almost all juvenile delinquency proceedings are initiated by or through the Police Department and in most instances the juvenile is detained or "arrested”. Thus, if the respondent is correct, the time limitations prescribed by CPL 30.30 would in almost all cases be measured from the time the juvenile is taken into custody.
The issue really before us is whether the impact of the trial time limitations prescribed by CPL 30.30 would substantially disrupt, weaken and/or impair our juvenile justice system. Not unmindful of the evils inherent in trial delay, we, nonetheless, find that the question just posed can only be answered in the affirmative for the following reasons:
1. Adjustment of juvenile cases would be effectively eliminated (Family Ct Act, § 734).
2. Speedy release of juveniles, to their parents after being taken into custody would be precluded (Family Ct Act, § 724, subd [b], par [i]).
3. Detention of a juvenile, after being taken into custody, would be mandated until he could appear before a Judge, be arraigned and have a trial date set (Family Ct Act, § 724, subd [b], par [ii]).
4. Immediate issuance of a warrant to bring the juvenile into court would be required instead of the permitted summons (Family Ct Act, § 737).
5. Other provisions of the Family Court Act which are salutory and beneficial to juveniles would be negated in order to insure the setting of a trial or fact-finding date within the time set by CPL 30.30.
The Sixth Amendment does not provide that an accused person is entitled to be tried within a specific period of time, nor have the Federal courts ever seen fit to impose upon the States, through its interpretation of the Sixth and Fourteenth Amendments, specific time limitations within which a State prosecution must be tried after commencement. In fact, it was not until 1972 that any statutes were enacted in New York providing specific time limitations within which a trial had to commence (L 1972, ch 184, eff April 28, 1972). Is it unreasona *732 ble to surmise that this legislation was enacted as much to remedy congested criminal calendars as to ensure criminal defendants speedy trials? In any event, this court is of the opinion that until such time as either the Legislature or an appellate court so dictates, GPL article 30 does not pertain to juvenile proceedings. Whether there has been an unreasonable delay in a particular case should be determined upon the facts therein and whether actual prejudice has, in fact, occurred.
The court file reflects the following:
1. The act complained of occurred on September 26, 1976.
2. Respondent was detained or taken into custody by the police on December 6, 1976 and then released to the custody of his parents on the same date.
3. The police referred the matter to the Probation Department Youth Section on January 19, 1977.
4. After attempts to adjust the case failed, a petition was filed with the court on March 18, 1977.
5. On March 28, 1977, neither respondent nor his parents having appeared, a summons was issued returnable April 11, 1977.
6. On April 11, 1977, neither respondent nor his parents having appeared, a summons was issued returnable May 23, 1977.
7. On May 23, 1977 respondent and his mother appeared in court and respondent’s counsel requested time to make this motion.
Thus, assuming respondent’s detention on December 6, 1976 to constitute an arrest within the meaning of United States v Marion (404 US 307, supra), this proceeding was commenced on December 6, 1976. A hearing or trial could conceivably have been held on May 23, 1977. The period of delay between commencement and trial was approximately six months.
There is nothing inherently prejudicial in the delay of six months, especially when respondent and his parent were presumably apprised of the charge when he was detained on December 6, 1976 and again during the Probation Department adjustment period. The naked assertion that respondent has been prejudiced without specificity is insufficient to establish prejudice, otherwise, the allegation of prejudice would be synonymous with the fact of prejudice.
For all of the aforesaid, the motion is denied and the clerk *733 of the court is directed to schedule a fact-finding hearing at the earliest possible date.