■ In the Matter of JAMES D. McFARLAND, Appellant, v ROSELLEN S. McFARLAND, Respondent.—Appeal from an order of the Family Court of Chemung County, entered September 2, 1977. The parties were married on June 27, 1953 and during the marriage had six children, two of whom are now emancipated. After a lengthy separation, appellant husband pursuant to the parties' stipulation obtained a default judgment of divorce predicated upon respondent's cruel and inhuman treatment. The stipulation and judgment also provided for the referral of the support issue to the Family Court. Upon this appeal, appellant challenges that part of the Family Court's order which directed him to (1) meet the medical, dental and hospital bills of the four children; (2) pay $25 per week alimony to respondent upon the emancipation of the oldest minor child; (3) pay $25 per week for each minor child by payroll deduction; (4) pay the mortgage, taxes, insurance and repairs on the marital home; (5) pay $400 for respondent's counsel fees; and which (6) awarded exclusive possession of the marital home to respondent. We conclude that a remittal is necessary. Appellant was granted a divorce based upon respondent's cruelty. He concedes that the stipulation referring the issue of support to the Family Court constituted a waiver of section 236 of the Domestic Relations Law. The stipulation, however, refers only to the question of "support"; there is no mention in it authorizing the Family Court to grant respondent exclusive possession of the marital home, title to which was solely in appellant's name, "Absent such express authorization, the respondent is not entitled to exclusive possession of the marital residence" *(Schwartzman v Schwartzman,* 62 AD2d 988, 989). A remittal is, therefore, necessary so that Family Court can reconsider its award (see *Schwartzman v Schwartzman, supra,* p 989). Order reversed, on the law, and matter remitted to the Family Court of Chemung County, without costs, for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.