OPINION OF THE COURT
Richard D. Huttner, J.
Petitioner and respondent were divorced pursuant to a judgment of divorce dated October 4, 1978, rendered by the Supreme Court, Nassau County. The judgment provided for a merger of a stipulation between the parties dated July 10, 1978. The decree, by its terms, further provides for concurrent jurisdiction between the Supreme Court and the Family Court, "for the purpose of enforcing such provisions of the judgment as are capable of specific enforcement, or to the extent permitted by law making such further decree with respect to alimony, child support, custody, and visitation”.
This court assumes that the Supreme Court, Nassau County, by virtue of the foregoing, endeavored to provide the Family *558 Court with the jurisdiction contemplated by section 466 of the Family Court Act.
The petitioner husband seeks an order of this court enforcing the divorce judgment by requesting a direction by the court to respondent wife, to turn over certain items of personalty purportedly the property of the husband.
Unfortunately, neither counsel has furnished this court with a copy of the stipulation alluded to in the judgment of divorce. Presumably, it is in said stipulation wherein provision for the return of the property to the husband is contained.
Counsel for the respondent wife argues that this court is without jurisdiction in this matter and seeks dismissal of the petition upon the grounds stated in CPLR 3211 (subd [a], par 2).
The issue then is what are the parameters of Family Court intercession with respect to Supreme Court matrimonial orders referred to the Family Court? Does the Family Court have jurisdiction to enforce each and every provision of such an order?
The authority of the Family Court to enforce or modify an order of the Supreme Court is derived solely from section 466 of the Family Court Act. As a court of limited jurisdiction, the Family Court cannot exercise powers beyond those granted to it by statute. (Matter of Borkowski v Borkowski, 38 AD2d 752; Loeb v Loeb, 14 AD2d 270; Matter of Burns v Burns, 53 Misc 2d 484.)
When a support matter is referred from the Supreme Court, the Family Court is empowered to determine the issue in its entirety and make whatever disposition the Supreme Court could make had it retained exclusive jurisdiction. Essentially, the Family Court, in a matter referred from the Supreme Court, stands in the place and stead of the Supreme Court. Accordingly, in order to render effective dispositions, the Family Court must be the repository of any and all powers the Supreme Court has in like matters. To hold otherwise would render the Family Court impotent to adjudicate. (Capelli v Capelli, 42 AD2d 905.) This power, for example, includes authority to enforce an order of the Supreme Court directing the transfer of possession or title of a marital residence, as part and parcel of the issue of support (Matter of Hendricks v Hendricks, 89 Misc 2d 1052; Matter of Rabasco v Rabasco, 93 Misc 2d 556; Kahn v Kahn, 43 NY2d 203, 209). However, the Family Court possesses no such powers when the proceeding is *559 initiated in the Family Court and is not incidental to a Supreme Court matrimonial action. (Matter of Borkowski v Borkowski, supra.)
The court finds that in light of the express referral to the Family Court in the fifth decretal paragraph of the Supreme Court judgment of divorce, this court has jurisdiction to determine all questions relating to support and may exercise powers coextensive with those possessed by the Supreme Court in like matters.
The very title of section 466 of the Family Court Act clearly indicates that the Family Court’s jurisdiction over a Supreme Court matrimonial order lies solely and exclusively in the area of support. The title reads: "Effect of granting support in action for divorce, separation or annulment.” (Emphasis added.)
Subdivisions (a) and (c) of section 466 of the Family Court Act pertain to the subject matter of support and support only. The Family Court is granted authority to intrude upon a Supreme Court matrimonial order only to enforce or modify its support provisions. There is no statutory authority to provide the relief sought by petitioner herein, i.e., directing the respondent to turn over certain personalty pursuant to the judgment of divorce. This relief is not an ingredient of support and the Family Court cannot meddle with the exclusive jurisdiction of the Supreme Court.
Accordingly, it is the opinion of this court that it lacks jurisdiction over the subject matter of the petition. The motion to dismiss is granted without prejudice to renew in the Supreme Court, and it is hereby ordered, that the petition for enforcement be and hereby is dismissed.