OPINION OF THE COURT
Dan Lamont, J.
Upon a referral from the Supreme Court, heard upon the request of respondent, the petitioner in this case seeks continued support and maintenance for herself, continued support and maintenance for the minor children, and continued exclusive use and possession of the marital residence.
On September 17, 1977, the respondent husband moved out of the marital residence where his wife and two daughters were residing. On September 21, 1977, the respondent husband commenced a divorce action against petitioner, who appeared by her attorney on September 28, 1977, and demanded a complaint. Then in November of 1977, the petitioner brought a separate action for divorce against the respondent, and on November 22, 1977, the petitioner wife made a motion for child custody, child support, temporary alimony, and counsel fees, which motion was referred by the Supreme Court to the Schoharie County Family Court by order dated December 1, 1977.
On January 3, 1978, the parties appeared in Family Court, Schoharie County, and made a stipulation giving the wife "temporary custody of the children, with certain visitation rights to respondent. After a hearing relative to support, the Family Court made an order directing that petitioner was permitted to reside in the marital residence with the children until further order of this court or any other court of competent jurisdiction, and that respondent was to pay the mortgage, taxes, and insurance on the marital residence, and also awarded petitioner $50 per week for temporary alimony and child support, apportioned as follows: $10 alimony, $40 child support.
On March 24, 1978, respondent conveyed the marital residence to third parties, and the deed was recorded on March 27, 1978, in the Schoharie County Clerk’s office.
During the summer of 1978, the parties returned to Family Court with the respondent husband alleging visitation problems, and the petitioner wife alleging that respondent had conveyed the marital residence in violation of the Family Court order. The prior Family Court order was continued without change.
*100 On October 25, 1978, the petitioner and respondent appeared in Supreme Court, Schoharie County, and made a stipulation on the record, whereby respondent husband withdrew his answer and counterclaim, and permitted the petitioner wife to proceed upon the complaint and obtain an absolute divorce. The pertinent parts of the stipulation on the record are as follows:
"In addition, it is further agreed and stipulated that all matters with respect to alimony, support and maintenance of the plaintiff and two infant children will be referred to Family Court, Schoharie County, for hearing and determination with respect to those matters.
"me. nocera: I assume that the present Family Court order will continue in effect until * * *
"the court: Yes, any present, or any orders outstanding and in effect will continue pending final disposition and resolution of any matters that are being transferred to the Schoharie County Family Court.”
The judgment of divorce entered in the Schoharie County Clerk’s office on December 21, 1978, contains the following paragraph: "ordered, that all questions concerning the custody of the two children, the visitation rights of the parties and the support and maintenance of the plaintiff and the children shall be and hereby are referred to the Family Court of Schoharie County, pursuant to the appropriate provisions of the Constitution of the State of New York and Family Court Act.”
In the present Family Court proceeding, the petitioner and respondent have stipulated that custody of the two children, Jennifer Karen King born March 28, 1971 and Rebecca Kristen King born February 27, 1973, shall remain with petitioner wife, and that respondent’s visitation shall continue as set forth in the stipulation entered into at the October, 1978 term of Supreme Court, Schoharie County. The disputed issues before this court involve the continued exclusive use and occupancy of the marital residence and the support and maintenance of the petitioner and the minor children.
After a hearing and upon the proof herein, the court finds that the respondent purchased seven acres of land in the Town of Sharon, Schoharie County, in May of 1970 for the sum of $500. The petitioner and respondent were married on August 21, 1970. The title to the real property in question was in respondent’s name. Petitioner and her family, together *101 with the respondent, constructed the marital residence on respondent’s property. There was testimony that the respondent husband made representations that the marital residence would be conveyed into the joint names of petitioner and respondent. The house was not entirely completed, but petitioner and respondent and their two children had lived there for five years before respondent left home in September, 1977. The respondent took a small $5,000 mortgage loan on the premises, upon which the payments were only $75.69 a month, including real property taxes.
On March 24, 1978, the respondent transferred the marital residence to Donald R Hoyt and Juanita D. Hoyt, by deed recorded in the Schoharie County Clerk’s office on March 27, 1978, in Book 378 of Deeds at page 1091. The documentary stamps on said deed are $4.95, indicating actual consideration of $4,500. The transfer was handled by a single attorney who represented the purchasers, but who does not represent either party to the within matrimonial action.
Petitioner’s real estate broker testified as to three comparable sales, and placed a value of $19,000 upon the marital residence and seven wooded acres as of March 24, 1978. The court finds that the property was reasonably worth $17,500 on said date.
The respondent testified that Mr. and Mrs Donald R. Hoyt are long-time friends of his family, that he actually owed them another $3,200, for which he has no record of either the indebtedness or the payments. The respondent testified that the property transaction occurred as follows: That the Hoyts forgave his debt of $3,200, paid off the bank mortgage in the amount of about $2,500, and paid the respondent about $2,000 cash, for a total actual consideration of $7,700. Respondent further testified that Donna Hoyt, the 19-year-old daughter of the Hoyts, had moved in with his parents, shortly after the respondent had left petitioner and moved in with his parents. Respondent testified that his parents are elderly and infirm, and that Donna Hoyt cleans, cooks, and cares for his parents, for which she receives no pay whatsoever.
The respondent earns $125 a week take home pay from the New York State Department of Transportation. He resides with his parents in a home which he owns under a deed from his parents dated February, 1976 and recorded in March, 1976 which deed imposes certain conditions upon the transfer, and in which deed his parents reserve a life estate.
*102 The petitioner requests that the court grant her the continued exclusive use and possession of the marital residence, plus support and maintenance for herself and support and maintenance for the two minor children. The respondent contends that the Family Court lacks jurisdiction and authority to grant exclusive use and possession of the marital residence, and that the court is precluded from granting the petitioner the exclusive use and possession of the marital residence by impossibility, in light of the conveyance.
The issues before the court are: (1) whether or not the Family Court has the jurisdiction and authority to award the exclusive use and possession of the marital residence to the petitioner; (2) whether or not the exclusive use of the marital residence should be awarded to the petitioner and the children; and (3) whether or not exclusive use and possession of the marital residence can be granted to petitioner in light of the conveyance thereof.
This court specifically finds that it has jurisdiction to award exclusive use and possession of the marital residence in this case upon the referral from the Supreme Court, in view of the initial referral to and the resulting temporary order of this court (the existence of which was acknowledged by both parties and the Supreme Court in October, 1978), and the subsequent referral to Family Court contained in the final judgment of divorce. The exclusive use and possession of the marital residence is part of the broader question of alimony for petitioner and child support for her children, specifically referred to the Family Court by the Supreme Court.
Section 234 of the Domestic Relations Law provides in part as follows: "In any action for divorce * * * the court may * * * make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires having regard to the circumstances of the case and of the respective parties.” (Emphasis added.)
Absent a referral from \Supreme Court, the Family Court does not have jurisdiction tta award exclusive possession of the marital residence to either party. (Matter of Borkowski v Borkowski, 38 AD2d 752.) However, when the Supreme Court refers a case to Family Court for the purpose of determining support and custody matters, the Family Court sits with total jurisdiction as to those matters. (Capelli v Capelli, 42 AD2d 905.) Since the issue of lodging is as much part of support as are monetary awards, the grant of authority embraces section *103 234 of the Domestic Relations Law and thereby gives the Family Court as much authority as Supreme Court to settle the question of right to possession of the marital residence. (Capelli v Capelli, supra.)
The recent Third Department case of Matter of McFarland v McFarland (66 AD2d 959) holding that the Family Court improperly granted the wife exclusive possession of the marital residence owned by the husband can be distinguished from the present case and from Capelli on several grounds. First, both the petitioner wife herein and petitioner Mrs. Capelli were granted a divorce upon the respondent’s fault, whereas the wife in McFarland was the party against whom the divorce was granted. Second, both this case and Capelli were initially referred to Family Court upon the petitioner wife’s application in Supreme Court for temporary alimony, support and counsel fees, whereas the McFarland referral to Family Court was contained only in the final judgment of divorce. Thirdly, in this case and in Capelli, the Family Court upon such initial referral had made a temporary order granting exclusive possession of the marital residence to the wife, which Family Court order was in existence and continued when the divorce was granted, whereas there was no existing temporary order when Mr. McFarland obtained his divorce. In other words, the question of the exclusive possession of the marital residence does not appear to have been contemplated by either the parties or the Supreme Court as being included in the McFarland referral to Family Court.
Finally, when the parties in this case appeared in Supreme Court, they stipulated on the record that the existing Family Court order granting petitioner exclusive possession of the marital residence would continue in effect, and the Supreme Court in granting the petitioner a divorce adopted such stipulation and continued the Family Court order pending final disposition and resolution of any matters being transferred to Schoharie County Family Court.
Upon all of the facts and circumstances herein, this court cannot accept the proposition that such exclusive use and possession by the wife and children could continue only until the Family Court again exercised its jurisdiction based upon the Supreme Court referral, at which time this court would become powerless to continue such exclusive use and possession. Nor can this court accept respondent’s contention that he has rendered this court powerless to grant continued *104 exclusive possession of the residence to the wife and children by his conveyance of the marital residence to his friends during the pendency of the matrimonial action and after the temporary order granting exclusive possession thereof to his wife.
Section 234 of the Domestic Relations Law, authorizing the court to "make such direction, between the parties, concerning the possession of property, as in the court’s discretion justice requires”, does not limit the court’s authority based upon the state of the title. The power of the court to make a direction concerning possession of property is no longer connected with the state of the title (2 Foster-Freed, Law and the Family [1966 ed], § 22:37, p 103). Accordingly, the court may if "justice requires having regard to the circumstances of the case and of the respective parties” (Domestic Realtions Law, § 234) grant the wife and children exclusive possession of the marital residence owned by the husband. This court therefore finds that exclusive possession of the marital residence may be granted in this case, notwithstanding the fact that title to the marital residence was in the husband’s name alone.
By stipulation, the respondent husband withdrew his answer, and petitioner obtained her divorce on grounds of cruel and inhuman treatment upon the default of respondent, thereby preserving her rights to alimony and support, including the exclusive use and possession of the marital property. Balancing the needs of the spouses and the children and considering the adequacy of the marital residence and the extremely small monthly payment, as well as the fact that the wife and children require a place to live, whereas the respondent owns his parent’s home and lives there, and also considering the equitable circumstances surrounding the construction of the marital residence, and all other circumstances of the case and the respective parties, the court finds that the exclusive use and possession of the marital residence should be awarded to petitioner. The petitioner’s parents testified that they devoted their time, labor, materials and money to assist petitioner and respondent to build a home. At the time the parties separated, petitioner and respondent and their two children had lived in the home for over five years, and the monthly mortgage payment including taxes, was $75.69.
Justice requires that the wife and children have continued use and possession of the marital home, where they now reside and have resided for many years. Respondent cannot *105 afford to pay sufficient alimony and child support to furnish petitioner and the children with suitable lodging outside the marital residence. To deprive petitioner and the children of the marital residence and award child support and alimony commensurate with respondent’s earnings is to force petitioner to become a public charge.
This court finds that the transfer of the marital residence by the husband subsequent to the commencement of the divorce action at a time when the petitioner and the children had already been granted exclusive use and possession thereof, was at the respondent’s peril. The prior order of this court dated January 3, 1978, provides in part as follows: "ordered, that as a temporary order of support, the wife shall be permitted to reside in the marital residence at R.D. 1, Sharon Springs, New York, with the children, until further order of this court or any court of competent jurisdiction”. The respondent is deemed to know that the petitioner wife was seeking and could well be granted exclusive use and possession of the marital residence for the benefit of herself and her children upon the final resolution of the pending divorce action between the parties.
The conveyance of the marital residence by the respondent is certainly suspect. The revenue stamps indicate approximately one quarter of the fair market value. This court regards the conveyance of the marital residence by the respondent in March, 1978 during the time that the divorce action was pending to be a flagrant violation of the temporary order granting petitioner exclusive possession thereof, unless the respondent told the purchasers that his spouse could perhaps be permitted to continue to reside in the marital residence indefinitely. This court will not allow the respondent to defeat the petitioner’s right to exclusive use and possession of the marital residence or usurp the jurisdiction of the courts by conveying the residence to third parties, and reiterates that respondent in making such conveyance acted at his peril.
Petitioner’s Exhibit No. 3 received in evidence is a deed recorded in the Schoharie County Clerk’s office on March 11, 1976, transferring certain real property into the name of respondent, Richard King. The respondent in his two sworn support questionnaries before this court, one dated March 29, 1979 and the other dated December 20, 1977, does not list said real property as an asset.
On the support questionnaire dated December 20, 1977, the *106 respondent lists the marital residence as an asset worth $15,000. He does not list any debt whatsoever to the subsequent purchasers of the marital residence, Donald R. Hoyt and Juanita B. Hoyt. Although respondent testified that he was forced by financial considerations to convey the marital residence, the respondent lists far more debts on his support questionnaire of March 29, 1979, than he lists on his support questionnaire of December 20, 1977. He now has a 1977 Chevrolet pickup truck, upon which the monthly payment is $155.82 which is nearly double the monthly payment (including taxes) upon the marital residence where his ex-wife and children reside. In short, the court finds that the respondent has been less than forthright with the court, both on his support questionnaires and in his testimony, and has also been less than co-operative with the petitioner and the court in conveying the marital residence in a non-arm’s length transaction to his friends. The respondent has relieved himself of about $15,000 in equity in the marital residence since he left petitioner in September of 1977.
This court finds on a preponderance of the credible evidence that the transfer of the marital residence by respondent was for the primary purpose of depriving or attempting to deprive the petitioner of ultimately obtaining the exclusive use and possession thereof for herself and her children.
Accordingly, the court will grant the petitioner and the children the exclusive use and possession of the marital residence, until such time as the youngest child attains the age of 18 years, or until petitioner remarries, or until petitioner no longer chooses to reside therein, whichever event occurs first. The respondent is directed to pay the real property taxes and insurance on said premises.
Furthermore, the court directs that the respondent shall keep in effect his present hospitalization and medical insurance at his place of employment for the benefit of his two daughters, and the court will make an order of support in the amount of $40 per week for the two children of the marriage, Rebecca Kristen King and Jennifer Karen King ($20 each). Respondent may claim his daughters as dependents on his State and Federal income tax returns, and should claim them as exemptions for withholding.
The petitioner does not work. However, based upon the respondent’s present earnings, this court declines to make any award of alimony for petitioner. The petitioner will not be *107 come self-sufficient unless and until she obtains suitable employment.
The order of this court will incorporate the stipulation between the parties granting custody of the children to the wife with rights of visitation to the respondent husband as set forth in the stipulation in the divorce action.