OPINION OF THE COURT
Arthur J. Abrams, J.
Respondent moves, by notice of motion dated December 18, 1979, for an order dismissing the petition herein on the *914 following grounds: (1) that he has been denied his right to a speedy trial, (2) that the adjustment period of two months has been exceeded in violation of subdivision (c) of section 734 of the Family Court Act.
With respect to respondent’s contention that he has been deprived of his right to a speedy trial, the motion is denied. Respondent’s right accrued on March 31, 1979 when he was taken into custody. Conceivably, trial was first available to respondent on November 2, 1979, the date of his first appearance in court. Thus, the trial delay to be considered is approximately seven months. Such a period of delay is not so lengthy as to justify a presumption of prejudice and, since no definitive allegation of prejudice is made by respondent, there is no basis to support respondent’s claim of speedy trial deprivation (Matter of Walters, 91 Misc 2d 728):
With respect to respondent’s motion for dismissal predicated upon the adjustment period exceeding two months, the motion is also denied.
Subdivision (c) of section 734 of the Family Court Act provides: "Efforts of adjustment pursuant to rules of court under this section may not extend for a period of more than two months”.
Subdivision (c) of section 2507.4 of the Uniform Family Court Rules (22 NYCRR 2507.4 [c]) provides: "Unless the matter is terminated and referred to the court, efforts at adjustment pursuant to section 2507.2 of this Part may extend for a period of 60 days from the date of the initial interview with the potential petitioner” (emphasis supplied).
Section 734 of the Family Court Act provides no guides as to a determination of when efforts at adjustment commence so that the two months’ adjustment period can be measured. That guide is supplied by subdivision (c) of section 2507.4 (22 NYCRR 2507.4 [c]) in that it provides that adjustment efforts begin at the time of the initial interview with the potential petitioner.
The court file reflects that the initial interview with the potential petitioner (the victim of the alleged burglary) occurred on June 14, 1979 and that adjustment efforts by probation were terminated on July 24, 1979. Therefore, the period of the adjustment effort did not exceed the two-month limitation and subdivision (c) of section 734 of the Family Court Act was applicable.
*915 As an aside, had the two-month period been exceeded the court would still have denied the motion. This court is in agreement with the learned decision of its colleague, Honorable Jack J. Cannavo, that the exceeding of the two-month adjustment period does not deprive the court of jurisdiction (Matter of Patrick G., 92 Misc 2d 126).
Accordingly, the motion is denied in all respects and the calendar clerk is directed to schedule this case for trial at the earliest possible date.