OPINION OF THE COURT
Edward J. McLaughlin, J.
When the Department of Probation has, in a timely manner, completed its attempts at adjusting a juvenile delinquency petition and the County Attorney has not acted within 30 days to disapprove of the petition, failure on the part of anyone to file a juvenile delinquency petition for 11 months after the adjustment period ended must result in the dismissal of the petition. Both the clear statutory scheme set forth in article 7 of the Family Court Act and the fundamental fairness required by the concept of due process of law are defeated by such a delay in initiating a fact-finding hearing in a juvenile delinquency proceeding.
I. FACTS
A petition signed by a Syracuse police officer, Robert A. Laun, on February 6, 1981, was filed with the court on November 20, 1981. The petition alleges that respondent, age 14 years, committed an act which would constitute the crime of assault in the third degree if the act had been done by an adult. The alleged act was committed on December 5, 1980.
*533 At the initial appearance, on December 23, 1981, the Law Guardian and the County Attorney appeared. The matter was adjourned for personal service on respondent and his parents. On the adjourned date, January 7, 1982, respondent appeared with his Law Guardian and denied the facts. The Law Guardian moved to dismiss the petition on the grounds that while probation received the case on December 17, 1980, no petition was filed with the court until November 20, 1981. The matter was adjourned until February 24, 1982, for trial and the appearance of respondent’s guardian, his grandmother, with whom he lives.
On February 24, 1982 the Law Guardian and County Attorney appeared. The case was adjourned until March 8, 1982 and the attorneys were given leave to brief the court on the motion to dismiss. On March 8, 1982, the Law Guardian and the County Attorney having submitted memoranda of law to the court, the petition was dismissed.
II. LAW
A. THE NATURE OF JUVENILE DELINQUENCY PROCEEDINGS
Article 7 of the Family Court Act grants exclusive jurisdiction over acts which would be crimes if committed by an adult when such acts are committed by children who fall within the age categories over which the court has jurisdiction. (Family Ct Act, § 712, subd [a]; §§ 713, 714.) Juvenile delinquency proceedings, unknown to the common law, are statutory proceedings. (See 4 Blackstone’s Comm, pp 22-23; Fox, Juvenile Justice Reform: An Historical Perspective, 22 Stan L Rev 1187.) As a statutory court, Family Court is a court of limited jurisdiction and “cannot exercise powers beyond those granted to it by statute”. (Matter of Borkowski v Borkowski, 38 AD2d 752, 753; accord Matter of Thomson, 79 AD2d 880.)
While juvenile delinquency proceedings have long been recognized as quasi-criminal in nature (Matter of Gregory W., 19 NY2d 55), and while juvenile respondents enjoy some constitutionally protected rights associated with criminal procedure (see, e.g., Matter of Gault, 387 US 1 [the essentials of due process and fair treatment including written notice of the specific charge sufficiently in advance of a hearing, notification to the child and the child’s par *534 ents of the right to counsel, application of the constitutional privilege against self incrimination, an opportunity to cross-examine witnesses, and absent a valid confession, a determination of delinquency based on sworn testimony]; Matter of Winship, 397 US 358 [standard of proof must be beyond a reasonable doubt]; Breed v Jones, 421 US 519 [prohibition against double jeopardy]; but see McKeiver v Pennsylvania, 403 US 528 [jury trial not constitutionally required]), the exchange principle of juvenile law, whereby the constitutional protections provided in criminal proceedings are exchanged for a quick resolution of the issue with treatment and rehabilitation as the" ultimate goals, remains as the sine qua non of juvenile delinquency proceedings. (See Katz, Juveniles Committed to Penal Institutions — Do They Have the Right to a Jury Trial?, 13 J Fam L 675; Inmates of Boys’ Training School v Affleck, 346 F Supp 1354, 1364.) For instance, while no provisions are made for a bail hearing, juvenile delinquents may not be detained more than 72 hours before a petition is filed without a court hearing on the appropriateness of detention. (Family Ct Act, §§ 729, 739.) On the other hand, bail may be set for a juvenile offender. (Family Ct Act, § 739, subd [c].) Rather than presentment to the Grand Jury, the juvenile is subject to adjustment attempts by the Department of Probation (Family Ct Act, § 734). Also, rather than including a speedy trial provision, fact findings pursuant to the Family Court Act are to be held within three days unless specific criterion are met. (Family Ct Act, §§ 747, 748.)
The passage of the Juvenile Offender Law of 1978, which removed from the Family Court’s original jurisdiction certain violent acts committed by persons under 16, and gave initial jurisdiction over those acts to the criminal court, emphasizes the fact that juvenile delinquency proceedings are special proceedings distinct from either criminal proceedings or civil proceedings. (L 1978, ch 481; see McLaughlin and Whisenand, Jury Trial, Public Trial and Free Press in Juvenile Proceedings: An Analysis and Comparison of the IJA/ABA, Task Force, and NAC Standards, 46 Brooklyn L Rev 1.)
*535 Unlike the CPL (30.10) or the CPLR (art 2) the Family Court Act contains no specific limitations as to the time after an act is committed that a proceeding concerning that act must be commenced. (Matter of Edward W., 89 Misc 2d 570; cf. Matter of Walters, 91 Misc 2d 728.) The only possible time-related prescription is that the respondent must have been under 16 at the time that the act was committed. (Family Ct Act, § 731, subd 1, par [b].)
B. THE STATUTORY SCHEME FOR
INITIATING JUVENILE DELINQUENCY PROCEEDINGS
Although no Statute of Limitations is set forth in article 7 of the Family Court Act, a clear pattern of timely restraints emerges from an examination of the statute. The efforts of adjustment by the Department of Probation pursuant to the rules of the court (22 NYCRR Part 2507) “may not extend for a period of more than two months without leave of a judge of the court, who may extend the period for an additional sixty days.” (Family Ct Act, § 734, subd [c].) If a juvenile delinquency case is successfully adjusted, the case is deemed closed. (22 NYCRR 2507.4 [a] [3].) If the matter is not successfullly adjusted, “or if the adjustment process is terminated either at the insistence of the probation service or by the withdrawal of the potential respondent, the person seeking to originate the proceedings will be notified of that fact and the case will be referred to the court”. (22 NYCRR 2507.4 [a] [4].) At no time may the probation service prevent a person who wishes to file a petition from access to the court. (Family Ct Act, § 734, subd [b]; 22 NYCRR 2507.4 [a] [5].)
Here, the Department of Probation acted in a timely fashion. On or about December 5, 1980, respondent allegedly participated in conduct which, if done by an adult, would constitute the crime of assault in the third degree. On December 10, 1980 the petitioner’s voluntary affidavit was taken by the Syracuse Police Department, Juvenile Division. The affidavit was filed with the Onondga County Probation Department on December 7,1980, at which time the adjustment period began. (22 NYCRR 2507.4 [c]; Matter of Joseph S., 102 Misc 2d 913; Matter of Walters, supra.) Adjustment efforts were terminated on February 6, 1981, when a verified petition was signed by Officer Laun of the *536 Syracuse Police Department and filed with the County Attorney. Thus, the adjustment efforts of the Probation Department were clearly within the two-month adjustment period permitted under subdivision (c) of section 734 of the Family Court Act.
No juvenile delinquency petition may be filed pursuant to article 7 of the Family Court Act unless the County Attorney has approved the petition. (Family Ct Act, § 734-a, subd [a].) The County Attorney may decline to approve the juvenile delinquency petition. (Family Ct Act, § 734-a, subd [c].) The County Attorney must state his reasons for such action in writing. (Family Ct Act, § 734-a, subd [c].) The County Attorney has 30 days in which to exercise his discretion “after the date the petition was submitted for his approval.” (Family Ct Act, § 734-a, subd [d].) “Any petition which has not been approved * * * shall be deemed approved.” (Family Ct Act, § 734-a, subd [d].) This statutory provision further illustrates the distinction between juvenile delinquency proceedings and criminal prosecutions, where the power of the prosecutor is unfettered. (See United States v Cox, 342 F2d 167.)
A criminal action is commenced by the filing of an accusatory instrument (CPL 1.20, subd 17), or by arrest. {United States v Marion, 404 US 307.) A juvenile delinquency proceeding is certainly commenced by the filing of a petition. (Family Ct Act, § 731; cf. Matter of Schaefer, 97 Misc 2d 487.) Thus, the issue here revolves around the question of undue delay in the preaccusatory stage of the proceeding, which is governed largely by the fundamental fairness required by due process of law. (See Matter of Walters, 91 Misc 2d 728, supra; McKeiver v Pennsylvania, 403 US 528, supra; People v Singer, 44 NY2d 241.) The speedy trial guarantees of the Constitution of the United States are not at issue here (cf. Matter of Patrick G., 92 Misc 2d 126; see Matter of Daniel D., 27 NY2d 90; Matter of Anthony P., 104 Misc 2d 1024).
Essentially, this case involves statutory interpretation. The plain meaning of a statute is to be preferred over interpretive readings of a statute. (United States v Sullivan, 332 US 689; McBoyle v United States, 283 US 25; Caminetti v United States, 242 US 470.) Here, specific *537 procedures are set forth which regulate preaccusatory procedures in juvenile delinquency proceedings. When the 30-day period of discretion allowed the County Attorney to approve or to disapprove the petition expired, the petition was ripe for filing. Failure of anyone to file a petition for almost 11 months defeated the specific provisions of article 7 of the Family Court Act to provide a prompt fact-finding hearing for a person alleged to be a juvenile delinquent, as well as violating the fundamental fairness doctrines applicable to the States through the due process cause of the Fourteenth Amendment. Accordingly, the petition is dismissed, with prejudice.