OPINION OF THE COURT
Raymond J. Barth, J.
This proceeding wás initiated by the filing of a petition on February 15, 1983, under docket No. F-197-83 wherein the petitioner sought to modify the parties’ decree of divorce dated September 14, 1982. The petitioner alleged that the respondent was in arrears on his maintenance payments. She requested that such payments, with an additional amount towards the arrears, be made through the support collection unit.
On February 17, 1983, the respondent filed a petition under docket No. F-218-83 alleging that he had become unemployed and that the petitioner had recovered a judgment of $250,000 from the Ford Motor Company. Based upon these changes of circumstances the respondent sought to modify the decree of divorce to eliminate his obligation to provide maintenance for the petitioner.
The parties denied the allegations contained within the opposing petitions and the matters were referred to a hearing examiner for a fact-finding hearing.
*68 On May 9 and June 7 of 1983, the parties appeared before the examiner and presented their respective cases. The examiner rendered his report, dated August 17, 1983, wherein he reduced maintenance from $100 to $75 per week. The petitioner filed a timely objection thereto.
It is petitioner’s position that a reduction is unwarranted in that there was no proof that payment of maintenance imposed an extreme hardship on the respondent. Petitioner contends that extreme hardship is the standard of proof to be applied herein in accordance with section 236 (part B, subd 9) of the Domestic Relations Law.
Respondent contends that a reduction is warranted in that he has proved a change of circumstances. He maintains that the standard of proof is changed circumstances as provided in section 466 of the Family Court Act.
Section 236 (part B, subd 9, par b) of the Domestic Relations Law, as pertinent herein, provides as follows: “Where, after the effective date of this part, a separation agreement remains in force no modification of a prior order or decree incorporating the terms of said agreement shall be made as to maintenance without a showing of extreme hardship on either party, in which event the decree or order as modified shall supersede the terms of the prior agreement and decree for such period of time and under such circumstances as the court shall determine”.
Subdivision (c) of section 466 of the Family Court Act states, as applicable herein, that
“If the supreme court enters an order or decree granting alimony, maintenance or support in an action for divorce * * * the family court may * * *
“(ii) entertain an application to modify the order or decree granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required”.
The parties herein entered into a written stipulation on September 7,1982, that was incorporated, but not merged, within their divorce decree. The stipulation provided, inter alia, that the respondent pay to the petitioner the sum of $100 per week for a period of five years for her maintenance.
*69 It is the determination of this court that this matter is governed by part B of section 236 of the Domestic Relations Law. The parties’ decree of divorce expressly referred all future matters regarding maintenance to the Family Court. When a support matter is so referred, the Family Court stands in the place of the Supreme Court and is authorized to determine the issue and make any disposition that the Supreme Court could have made. (Matter of Robert T. v Marcia T., 98 Misc 2d 557.) Had this matter been brought in the Supreme Court, that court certainly would have applied the standards contained within the subject section of the Domestic Relations Law.
The New York Court of Appeals has held, in Matter of Steinberg v Steinberg (18 NY2d 492), that section 236 of the Domestic Relations Law is applicable to an action initiated in Family Court for support of a spouse. The court reasoned that while section 236 is technically only applicable to actions for divorce, separation or annulment, it nevertheless is an embodiment of public policy as determined by the Legislature and as such, must be followed by courts in areas beyond the express reach of the statute for the sake of consistency.
Although the parties executed a written stipulation as opposed to a formal separation agreement, the subject statute has been interpreted to include stipulations. (Mutinelli v Mutinelli, 114 Misc 2d 511.)
Upon review of the proceedings had before the hearing examiner, it is clear that the respondent has failed to establish that his obligation to provide maintenance for the petitioner has caused him extreme hardship. The respondent was out of work for only seven working days because of a strike. However, he is currently working full time earning approximately the same income he was earn-' ing at the time of the parties’ divorce.
The parties were coplaintiffs in a civil action against the Ford Motor Company. This action was pending at the time of the divorce proceeding. Both parties were aware that there could be a substantial recovery from the lawsuit. Notwithstanding this potential award, the respondent stipulated to pay the petitioner $100 per week for five years for her maintenance. Therefore, the petitioner’s receipt of approximately $149,000 from the action cannot be said to be completely unforeseen by the respondent. Under *70 such circumstances the respondent’s maintenance obligation cannot be said to cause him extreme hardship.
The respondent made all of the required maintenance payments from the time of the entry of the decree in September of 1982 until sometime in February of 1983, when he unilaterally ceased such payments. The precise amount of arrearages is not ascertainable. Therefore, the parties shall submit a stipulated order to the court establishing the amount of such arrears. In accordance with petitioner’s request, maintenance and an additional amount of $10 per week towards arrears shall be payable through the Support Collection Unit of Onondaga County to be disbursed to the petitioner.
Now, therefore, it is ordered that the report of the hearing examiner, dated August 17,1983, be and the same hereby is rejected; and it is further ordered that the respondent’s application for elimination of his obligation to provide maintenance payments for the petitioner be and the same hereby is denied and dismissed; and it is further ordered that the parties submit a stipulated order to this court as soon as practicable establishing the amount of maintenance arrearages; and it is further ordered that commencing December 23, 1983, the respondent shall pay the sum of $100 per week for maintenance of the petitioner by making such payment through the Onondaga County Support Collection Unit to be disbursed to the petitioner; and it is further ordered that commencing December 23, 1983, the respondent shall pay the additional sum of $10 per week through the support collection unit to be disbursed to the petitioner, until such time as all arrears have been paid in full; and it is further ordered that a wage order shall issue pursuant to section 49-b of the Personal Property Law upon the respondent’s missing two maintenance payments or an amount equal thereto; and it is further ordered that the provisions of the parties’ decree of divorce, dated September 14, 1982, be and the same are continued except as modified hereinabove; and it is further ordered that the respondent shall report any change of his address to the Onondaga County Support Collection Unit as required by section 443 of the Family Court Act.