William J. Sullivan, J.
In this action by plaintiff husband for an absolute divorce on the ground of abandonment, the defendant wife has neither appeared nor answered. Upon the completion of plaintiff’s evidence, this court found that a cause *790 of action for divorce had been established and that plaintiff is entitled to an absolute divorce as prayed for in his complaint. In addition, however, the plaintiff in his complaint also seeks judgment (a) awarding the custody of the infant child of the marriage to the defendant wife and (b) determining “ pursuant to § 234 of Domestic Relations Law, that the plaintiff have title ” to the former marital home, the ownership of which presently is in the parties as tenants by the entirety.
With respect to the custody of the child, the plaintiff’s proof is that ever since his birth in Vermont in 1958 the child has resided with the mother, the defendant herein, in the State of Vermont and still continues to reside there. Accordingly, on well-settled principles, since the child is not within the jurisdiction of the court, this court may make no determination as to its custody (Robinson v. Robinson, 254 App. Div. 696, affd. 279 N. Y. 582; May v. May, 233 App. Div. 519, 521; Ryan v. Ryan, 24 A D 2d 531) and therefore the complaint in this respect must be dismissed.
As to plaintiff’s application for judgment determining him to be the sole owner of the real property, this court finds and determines that upon the facts herein and the law applicable thereto, that plaintiff has not sustained the cause of action which is alleged by him; that there is no question of title to be determined pursuant to section 234 of the Domestic Relations Law; and therefore the complaint in this respect also must be dismissed. The theory of plaintiff’s alleged cause of action and the proof submitted by him in support thereof is that he has personally paid the entire purchase price and all mortgage, taxes and maintenance charges of the property since the title thereof was conveyed to himself and his wife in July, 1957; that since the wife has made no investment therein, she should be adjudged to have no interest whatever in the property; and that this court may make such an adjudication under that provision of section 234 of the Domestic Relations Law which authorizes the court in an action for divorce to ‘1 determine any question as to the title to property arising between the parties ”. In the opinion of this court, there is at the present time no “ question as to the title ” to this property. The title has been vested in both the plaintiff and the defendant as tenants by the entirety since July, 1957. The fact that the plaintiff is the only one who has made any investment therein or contributed anything to the carrying charges and main-, tenance thereof does not entitle him to assert any additional title or ownership interest superior to that of his wife. As a
*791 tenant by the entirety, he is not even entitled to reimbursement from his wife for any part of the payments that he has made; and by the same rationale he is not required to account to her for any income that he may have received from the property (Hosford v. Hosford, 273 App. Div. 659, 661; Middleton v. Middleton, 123 N. Y. S. 2d 231, and cases cited therein at p. 233). The following excerpt from the opinion in the Hosford case is pertinent: ' ‘ When title was taken in the names of the husband and wife so as to create a tenancy by the entirety the law will presume a gift upon the husband’s part based upon mutual love and affection * * * Moneys expended during the existence of the marriage by the husband for mortgage principal, and interest, and for improvements on the marital dwelling house, fall in the same category.”
As a matter of law, however, when the marital status is broken by divorce the tenancy by the entirety is severed; the parties thereupon hold title as tenants in common; and a partition action will thereafter lie between the divorced parties (Stelz v. Shreck, 128 N. Y. 263; Tax v. Tax, 240 N. Y. 590). As stated in the headnote in the Stelz case, “ a decree of divorce * * * does not vest the whole title in the innocent party.” Even the entry of an interlocutory judgment of divorce in this action will not effect any change in title (Matter of Crandall, 196 N. Y. 127; Middleton v. Middleton, supra). It is only when the judgment of divorce becomes final and absolute and the tenancy by reason thereof is ‘ ‘ transmuted ” into a tenancy in common that the plaintiff will have the status and right to pursue the appropriate remedy of partition and thereby take appropriate action to acquire sole title to the property (Carloni v. Carloni, 38 Misc 2d 396). Since, therefore, plaintiff’s right to assert any claim and institute any proceeding to acquire sole title to the property does not come into being until after the entry of final judgment in this action, it is the conclusion of this court that no question of title has arisen between the parties in this action for divorce so as to authorize the court to apply the provision of section 234 as urged by the plaintiff herein.
Let plaintiff submit findings of fact, conclusions of law and judgment granting his cause of action for divorce as prayed for in the complaint, but dismissing the complaint in all other respects in accordance with the foregoing.