Bernard F. McCaffrey J.
The parties to this action are *985 husband and wife. On or about December 28, 1974, the plaintiff wife simultaneously commenced two lawsuits against the defendant husband.
In the first lawsuit the plaintiff wife incorporated in her complaint alleged facts purportedly establishing five causes of action which relate to property constituting the marital residence, wherein she seeks judgment 1) to rescind, set aside and vacate a deed of May 7, 1971, whereby she and her husband conveyed their interest to the husband; 2) to compel the husband to convey an undivided one-half interest in the property to her; 3) to declare an undivided one-half interest in the property to be held by the defendant in constructive trust for the benefit of the plaintiff; 4) to declare a contract executed between the plaintiff and defendant on December 9, 1973, to constitute a lien on the property entitling the plaintiff to one-half the proceeds of the sale of said property, plus $1,600 out of defendant’s one-half share of proceeds; and 5) to declare the existence of an equitable lien upon the property equal in amount to plaintiff’s past and continuing contributions for mortgage, interest, tax and maintenance payments for said property.
The second action commenced by the plaintiff wife is a matrimonial action. In her complaint she has alleged facts upon which she requests the court to grant her judgment, a) for an absolute divorce decree; b) awarding her custody of the two minor children of the marriage; c) affording her exclusive possession of the marital residence; d) modifying an order of support issued by the Family Court; and e) directing the defendant husband to pay her for moneys expended by her for mortgage payments and improvements on the marital abode from January 17, 1973, to the present.
As is evidenced from the pleadings, action No. 1 involves the question of title to real property between the parties, and action No. 2 relates to a matrimonial action. Section 234 of the Domestic Relations Law states: "In any action for divorce, for a separation, for an annulment, or to declare the nullity of a void marriage, the court may (1) determine any question as to the title to property arising between the parties”. This statute specifically provides for the incorporation in a matrimonial action of a separate cause of action to resolve any question of title to property between the parties. Section 234 of the Domestic Relations Law, although permissive, was enacted to afford the matrimonial trial court jurisdiction over *986 matters as contained in the plaintiffs pleadings in action No. 1. The plaintiff wife has initiated two lawsuits, which the court feels could have been one lawsuit with separate causes of action, pursuant to section 234 of the Domestic Relations Law.
The main thrust of plaintiffs objection to the consolidation is that the court is not empowered to change title in a matrimonial action, citing Dolphus v Dolphus (39 AD2d 829), when the court made mention with approval of the decision in a Nassau County matter, Miralles v Miralles (56 Misc 2d 789). However, in Dolphus v Dolphus (supra) the appellate court stated (p 830): "The record presents no questions regarding title to the property which had been vested in both parties.” In Miralles v Miralles (supra) the court made a determination on the facts and law applicable, that the plaintiff failed to establish his cause of action to declare him to be the sole owner of the real property, therefore, would not render a judgment warranting a change of title. In the matter before this court there is not presented a cause of action for a change of title, but rather a cause of action relating to a question of title, the resolution of which will determine who actually has title and/or the condition, if any, imposed upon the title between the parties.
Accordingly, the court grants the motion for the consolidation of action No. 1 with action No. 2.