MACMILLAN, INC., Appellant, v CADILLAC FAIRVIEW CORPORATION, LTD., et al., Respondents.

First Department, April 1, 1982

### APPEARANCES OF COUNSEL

*Terence F. Gilheany* of counsel (*Donald G. Glascoff, Jr., Kathy H. Chin* and *H. Peter Haveles* with him on the brief; *Cadwalader, Wickersham & Taft,* attorneys), for appellant.

*Adlai S. Hardin, Jr.,* of counsel (*Charles G. Berry* with him on the brief; *Milbank, Tweed, Hadley & McCloy,* attorneys), for Campeau Corporation (U.S.), Inc., respondent.

*Charles H. Miller* of counsel (*Lois N. Rosen* and *Robert J. Kipness* with him on the brief; *Marshall, Bratter, Greene, Allison & Tucker,* attorneys), for Cadillac Fairview Corporation, Ltd., respondent.

### OPINION OF THE COURT

FEIN, J.

Plaintiff is the major tenant of the Macmillan Building, a 31-story office building located at 866 Third Avenue in

Manhattan. According to its complaint, the truth of whose allegations must be accepted upon this motion to dismiss for failure to state a cause of action (*Barr v Wackman,* 36 NY2d 371, 375), plaintiff occupies the entire rentable area in the building above the ground floor, and 95% of the usable area as a whole, for its executive, administrative and financial offices. It employs some 900 people. Subject to its exercise of options, plaintiff's lease interest runs until 2008, with rent escalations limited to 2.886% every two years. The building occupies approximately the entire eastern third of the block on Third Avenue between East 52nd and East 53rd Streets. It was constructed in the mid-60's. Plaintiff has occupied the building ever since, pursuant to a written lease, a memorandum of which was recorded in the registrar's office on November 3, 1965. Subsequent amendments and modifications were recorded on June 15, 1979.

On or about July 15, 1981, defendant Campeau Corporation (U.S.), Inc. (Campeau) purchased the land and building from John Hancock Mutual Life Insurance Co. On August 26, 1981, plaintiff Macmillan, Inc. (Macmillan) caused a *lis pendens* and the original verified complaint in this action to be filed in the New York County Clerk's office seeking a declaratory judgment that, under the applicable provisions of the New York City Zoning Resolution, the defendants cannot transfer the "air rights" benefiting the property without the written consent of the plaintiff. Cadillac Fairview Corporation, Ltd. (Cadillac) and "John Does" numbered 1 through 50 were named as defendants based upon plaintiff's alleged information and belief that some or all of them were prospective owners of that portion of the block which would benefit from the transfer of air rights. Thereafter, on September 30, 1981, Campeau, C. F. Lex Corp. (CFLC) and others executed a declaration of zoning lot restrictions, purporting to effect a zoning lot merger with respect to the block preparatory to the transfer of air rights. Plaintiff alleges CFLC is an affiliate and agent of Cadillac. Plaintiff proposes to substitute and add CFLC as a defendant in place and stead of one of the named John Doe defendants.

It is further alleged without denial that on the same date, CFLC purchased from Campeau the air rights to 866 Third Avenue, the building in which plaintiff is the tenant, for $5 million. The purpose is to erect a new office building on Lexington Avenue immediately west of 866 Third Avenue, to be of greater height and more bulk than would have been legally permissible in the absence of the declaration of zoning lot restrictions and transfer of air rights. Two small buildings occupy the space between 866 Third Avenue and the new construction site, an eight-story garage on East 53rd Street and a nine-story apartment building on East 52nd Street. The proposed structure would contain "1,006,000 square feet in volume" of space. Without the air rights the builder would have been entitled to erect a structure containing "914,000 square feet in volume", approximately 10% less in space.

Defendants' motion to dismiss is premised in part upon the contention that Cadillac, a foreign corporation, has no connection with New York State, hence the court could not acquire jurisdiction over it. Special Term did not reach the jurisdictional issue.

Special Term granted the motion to dismiss upon the ground that a building tenant is not a party in interest, and that there is no requirement in the zoning resolution that the written consent of such a space tenant must be obtained prior to the sale of air rights. The court observed that it would have been simple enough for the Legislature to have included space tenants as interested parties had that been so intended.

The court concluded that plaintiff will not be adversely affected legally by the transfer of the air rights.

The issue turns on the meaning of "party in interest" as set forth in article 1 (ch 2, § 12-10, "zoning lot", subd [d], par [iv], cls [X], [Y]) of the New York City Zoning Resolution. That section permits the owner of a building to sell its right to build higher on its own premises to the owner of another property within the same zoning lot so that the new building may be taller than that otherwise allowed by the zoning resolution. The procedure is known as a zoning lot merger. In essence, it involves the transfer of air rights

from an existing building to a proposed structure. Campeau did just that. Plaintiff contends that its written permission was required before the transfer and sale could take place.

The zoning resolution provides that a written declaration of consent to a zoning lot merger by each "party in interest" must be obtained unless waived in writing. Plaintiff contends that it is entitled to a trial on the issue of whether it is a "party in interest" under that section. Special Term concluded that the question was one of law for the court.

Article 1 (ch 2, § 12-10, "zoning lot", subd [d]) of the New York City Zoning Resolution defines "party in interest" in connection with a declaration of air rights: "(iv) A 'party in interest' in the portion of the tract of land covered by a Declaration shall include only (W) the fee owner or owners thereof, (X) the holder of any enforceable recorded interest in all or part thereof which would be superior to the Declaration and which could result in such holder obtaining possession of any portion of such tract of land, (Y) the holder of any enforceable recorded interest in all or part thereof which would be adversely affected by the Declaration, and (Z) the holder of any unrecorded interest in all or part thereof which would be superior to and adversely affected by the Declaration and which would be disclosed by a physical inspection of the portion of the tract of land covered by the Declaration."

The issue is one of novel impression. Special Term noted that plaintiff cited no authority for the proposition that a building tenant is a party in interest within the meaning of the resolution, and concluded that the policy of permitting the sale of air rights by an owner would be severely impaired if the court were to hold that any leasehold tenant could prevent a sale by withholding permission. Special Term concluded that the holder of a ground lease was clearly a party in interest, thus distinguishing between a ground lessee and a lessee of what in effect is practically the entire building on the premises. Special Term premised the distinction on the policy argument and on the fact that the resolution does not specifically include tenants as parties in interest.

We disagree. The purpose of the resolution respecting commercial districts is the protection of "commercial development in central, major, or secondary commercial centers against congestion, as far as possible, by limiting the bulk of buildings in relation to the land around them and to one another" (New York City Zoning Resolution, art 3, ch 1, § 31-00, subd [g]).

The prior system allowing air rights transfers under the zoning resolution was held to permit transfers without the agreement of all parties with property interests affected by such transfers (see *Newport Assoc. v Solow,* 30 NY2d 263, cert den 410 US 931, where a long-term lessee was held to have lawfully alienated the air rights in the premises leased to it without joining the fee owner). The limited legislative history suggests that the function of the amendment subsequent to that case was to facilitate air rights transfers in a manner which would not derogate from the rights of parties with certain defined substantial interests in the real property affected. The purpose was to involve and bind all such parties to the arrangement (City Planning Comm. Doc. No. N760226ZRY, July 13, 1977 Cal. No. 27, p 2, Amendment of the Zoning Resolution). A long-term lessee of practically the entire building is surely as affected by such a transfer as a ground lessee. The interference with light and air and the ensuing congestion and effect on community services and other consequences plainly impact on each in a similar manner.

Manifestly the plaintiff lessee, under a long-term lease permitted to be and actually recorded, holds an "enforceable recorded interest in all or part" of the "tract of land" to which the resolution applies. Plaintiff's lease and its amendments were recorded prior to the declaration in issue as required in article 1 (ch 2, § 12-10, "zoning lot", subd [d], par [iv], cl [X]) of the resolution. It is equally clear that on the face of the complaint sufficient is alleged to indicate that plaintiff is "adversely affected by the Declaration" as required in clause (Y) of paragraph (iv). At the least there is a triable issue in this respect.

Although the term "tract of land" is not defined in the zoning resolution, it appears to mean more than merely the plot of land on which the structure stands. Since the goal of

the resolution is to regulate the bulk and density of the city's building, "tract of land" should be deemed to include the space above the land, particularly the buildings on the land.

On the face of the complaint and the zoning resolution, the lessee of the entire building appears to be as surely a party in interest as a ground lessee, although the zoning resolution does not enumerate either class as included within its scope. The issue is not whether there is a common-law cause of action for loss of light and air in New York, but rather whether the plaintiff has properly pleaded that it is a "party in interest" which would be "adversely affected", and has thus stated a cause of action under the resolution, not under the common law.

No policy reason appears for denying that Macmillan is a party in interest. A holding in favor of the plaintiff would not require the conclusion that the resolution intends that any tenant might interfere with the sale of air rights. We deal here only with a tenant, with a major long-term recorded leasehold covering practically an entire building, whose interests are apparently involved.

If within the four corners of the complaint "factual allegations are discerned which taken together manifest any cause of action cognizable at law", the complaint is sufficient (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *Foley v D'Agostino,* 21 AD2d 60, 65). On a motion such as this, all of the allegations of the complaint must be taken as true (*Barr v Wackman,* 36 NY2d 371, *supra*). The evidentiary material set forth in the record, taken together with the allegations in the complaint, indicate a cause of action has been stated entitling plaintiff to a trial.

We need not concern ourselves with the jurisdictional issues. It is plain that on this motion to amend its complaint, plaintiff seeks to add or substitute parties who may be proper and necessary defendants.

Although Special Term obviously did not reach the issue, we have concluded that plaintiff is entitled to a preliminary injunction during the pendency of this action. It is clear that if no such injunction issues and the defendants proceed, the structure may very well have been built and

plaintiff, even though it may be found to be right, will be without a remedy. A preliminary injunction should issue if the plaintiff shows (1) the likelihood of ultimate success, (2) irreparable injury absent the injunction, and (3) a balancing of the equities in plaintiff's favor (*Albini v Solork Assoc.,* 37 AD2d 835; *Tucker v Toia,* 54 AD2d 322, 324; cf. *Paine & Chriscott v Blair House Assoc.,* 70 AD2d 571, 572; see *Grant Co. v Srogi,* 52 NY2d 496, 517). The *status quo* should be maintained under such circumstances (*Ansonia Assoc. v Ansonia Residents' Assn.,* 78 AD2d 211, 213). Under the circumstances, any relief available after judgment would be costly and expensive, if not actually rendered ineffectual, should a preliminary injunction be denied (*Blake v Biscardi,* 52 AD2d 834, 835).

The complaint is sufficient and plaintiff is entitled to a preliminary injunction during the pendency of this action.

The jurisdictional questions, the application of plaintiff to amend its complaint and the size of the undertaking are best left to Special Term, to which the action is remanded.

The order and judgment, Supreme Court, New York County (GREENFIELD, J.), entered respectively on December 22 and 23, 1981, granting the motion of defendants Cadillac Fairview Corporation, Ltd. and Campeau Corporation (U.S.), Inc. to dismiss the complaint for failure to state a cause of action and denying all other requests and motions as academic in view of the dismissal of the complaint, should be reversed, on the law, with costs, the complaint reinstated, plaintiff's motion for a temporary injunction granted enjoining the defendants during the pendency of this action from proceeding with construction pursuant to the zoning lot merger consent and sale of "air rights", and the action should be remanded to Special Term to fix the amount of the undertaking on the injunction, to determine plaintiff's motion for leave to serve an amended complaint and to add and substitute parties, and to determine the motion of defendant Cadillac to dismiss the complaint for lack of jurisdiction.

CARRO, J. P., SILVERMAN, BLOOM and MILONAS, JJ., concur.

Order and judgment, Supreme Court, New York County, entered on December 22, 1981 and December 23, 1981, respectively, unanimously reversed, on the law, the complaint reinstated, plaintiff's motion for a temporary injunction granted enjoining the defendants during the pendency of this action from proceeding with construction pursuant to the zoning lot merger consent and sale of "air rights", and the action remanded to Special Term to fix the amount of the undertaking on the injunction, to determine plaintiff's motion for leave to serve an amended complaint and to add and substitute parties, and to determine the motion of defendant Cadillac to dismiss the complaint for lack of jurisdiction. Appellant shall recover of respondents one bill of $75 costs and disbursements of these appeals.