■ MARSHA RUBIN, Respondent, v ROBERT RUBIN, Appellant. — In a matrimonial action, the defendant husband appeals from an order of the Supreme Court, Nassau County (Vitale, J.), dated May 3, 1983, which, *inter alia,* upon the plaintiff wife's motion to direct defendant to turn over to her a certificate of stock representing ownership of 345,000 shares of stock of a corporation, directed him to turn over to plaintiff a certificate of stock representing 100,000

shares of stock of said corporation. Order reversed, on the law, with costs, and plaintiff's motion denied. In this hotly contested divorce action, a substantial portion of the marital assets consists of approximately 1,300,000 shares of stock in the defendant husband's business, Superior Care, Inc., a company that has its stock traded on the American Stock Exchange. Of these shares, 345,000 are owned by the plaintiff wife, but are held by the defendant and are controlled by him as a result of irrevocable proxies issued and executed by the plaintiff. Plaintiff initiated a motion seeking to compel a transfer to her of a stock certificate representing her shares in the company, based upon a claim that her interests would be best served by selling the stock and reinvesting the proceeds of the sale in a less volatile investment. Defendant opposed the motion, claiming that it represented an attempt to harass him and pressure him into settling the action. He further alleged that it was necessary for him to be able to vote the shares owned by his wife in order to properly operate the business. Special Term, without explanation and without conducting a hearing, granted plaintiff's motion only to the extent of directing defendant to transfer to plaintiff 100,000 shares of the stock in question. We reverse. Special Term's action was arbitrary and without support in the record. Defendant's allegation that he requires control over all of the family's stock in order to conduct the company business is uncontested. Furthermore, despite plaintiff's contention that it was merely her desire to place her property into a less volatile investment situation, she concedes that the stock in question has consistently increased in value since the commencement of this action. Under these circumstances, a transfer of stock should not have been directed until a hearing was conducted to determine defendant's need for the shares of stock in issue for the proper functioning of his business, the breadth of the ramifications which would likely result from the transfer sought by plaintiff, and the actual probability of a dissipation of the marital property. Although a court having jurisdiction over the parties to a matrimonial action has authority to make such direction concerning the possession of marital property as in the court's discretion justice requires prior to the dissolution of the marriage (see Domestic Relations Law, § 234), the situation presented demonstrates that a distribution of the marital assets should await a more thorough development and analysis of the facts underlying the action. Titone, J. P., Gibbons, Thompson and Boyers, JJ., concur.