■ ROBERT L. KRAUSE, Respondent, v GABRIELLE G. KRAUSE,

Appellant.—Order of Supreme Court, New York County (Ostrau, J.), entered February 15, 1985, which, *inter alia,* awarded plaintiff-respondent exclusive use of the Lake Sagamore residence in alternate months conditioned upon plaintiff's payment of a sum equal to the mortgage, utilities and taxes on said property for each month that he is in residence is modified, on the law and facts, and in the exercise of discretion to strike that portion permitting plaintiff alternate monthly use of the Lake Sagamore residence and otherwise affirmed, without costs or disbursements.

The parties herein were married in New York State in September 1975. In January 1985, plaintiff husband sued for divorce alleging abandonment by defendant wife. Defendant counterclaimed for divorce alleging adultery and cruelty by the plaintiff.

The husband moved for an injunction preventing the wife from selling the vacation home on Lake Sagamore in Putnam County and for an order granting him the right to use and occupy said property during the pendency of the matrimonial action. The husband alleged that although title to the property was solely in the wife's name, the property was purchased in March 1980 and was therefore marital property. During the marriage the couple used the Lake Sagamore property as a year-round vacation home, but after the parties separated, the wife refused to permit the husband to use the property. The husband alleged that he has made a substantial financial contribution to the property and was a coobligor on the mortgage. The husband also claimed to have made several mortgage payments.

The wife challenged the husband's assertions, claiming that this vacation residence was her separate property purchased with a portion of the inheritance received from her mother's estate. She also maintained that the husband is not primarily obligated on the mortgage but is, at best, a guarantor and that any mortgage payments made by him were fully reimbursed by her. A mortgage commitment was issued by Chase Manhattan Bank in October 1979 to both parties. However, the actual mortgage is in the wife's name only. The wife also asserted that expenditures by the husband on the property were, in fact, reimbursements of moneys which she had lent to respondent. The wife submitted a promissory note executed by the husband in the amount of $5,500 and bearing interest at a rate of 5% per annum as evidence of a loan to him in 1974, which he used to help pay for his divorce from his previous spouse. Moreover, the wife supported the husband and his

youngest daughter from the prior marriage until he reestablished himself financially.

The wife also objected to the husband's request for use of the Lake Sagamore property because she alleged he had taken his girlfriend, who is named as corespondent in the wife's counterclaim, to the vacation home and appellant had no wish "to be subjected to the indignities of having to sleep on alternate weekends in the same bed slept in by my husband and his new girlfriend".

Special Term denied the husband's motion to enjoin the wife from selling or transferring the Lake Sagamore property because he had failed to demonstrate that a sale or transfer was imminent. However, the wife was directed to provide the husband with a notice of intent to sell at least 20 days before placing the property on the market and respondent was granted leave to renew his application at that time. Special Term did, however, grant the husband alternate monthly use of the property beginning in April 1985, conditional upon his tender to the wife of a sum "sufficient to cover the mortgage, utilities, and taxes relative to the property for the full monthly period" 20 days before his use of the property.

The Supreme Court has authority under Domestic Relations Law § 234 to make interim awards pendente lite affecting possession of real property where title to such property is at issue in a matrimonial action (*Sagnard v Sagnard,* 80 Misc 2d 984, *affd* 49 AD2d 751). Absent an abuse of discretion, such award should not be disturbed on appeal. Consequently, defendant's claim that Special Term did not have authority to grant the relief requested is erroneous inasmuch as title to the Lake Sagamore property is at issue in this matrimonial action. However, relief under section 234 is "injunctive in nature and operation" and the standards applicable to such equitable relief are, by analogy, applicable here (*Leibowits v Leibowits,* 93 AD2d 535, 555). Therefore, the plaintiff must show not only that he will suffer irreparable injury if excluded from the vacation home, but also that he is likely to succeed on the merits of his claim and that the balance of the equities are in his favor (*Macmillan, Inc. v Cadillac Fairview Corp.,* 86 AD2d 15, 21).

The record herein shows that plaintiff's claim of co-ownership is quite weak. He essentially concedes that he has not made mortgage payments commensurate with his alleged interest in the property, nor is he, in fact, a comortgagor. Defendant's assertion that repairs and improvements financed

by the plaintiff were actually repayments of moneys owed to her by him is substantiated by the $5,500 promissory note on which she claims more than $8,400 was due in 1981.

Defendant wife's objection to the award on the ground that the husband is receiving a windfall is also not without foundation. The payments ordered by the court as a condition for his use of the property are far less than the fair rental value of the home and do not even include maintenance, insurance and other costs for the property. The wife maintains that plaintiff earns in excess of $160,000 per year, owns a cooperative apartment on Sutton Place in Manhattan, has substantial business interests and investments. Consequently, he is able to buy or rent a vacation home elsewhere and has no need to use the defendant's vacation home. This is especially true where, as noted, plaintiff has submitted such meagre evidence in support of his claim to co-ownership. Concur—Murphy, P. J., Carro, Asch, Bloom and Milonas, JJ.