*670 OPINION OF THE COURT
Harold Baer, Jr., J.
Motions No. 1 and No. 2 of August 27, 1985, are consolidated for disposition.
Petitioner commenced this CPLR article 78 proceeding seeking to rescind the decision of the Board of Trustees of the Police Pension Fund (the Board) which determined that petitioners were not entitled to receive pension benefits from the fund.
Richard McDermott was employed by the New York City Police Department from January 1955 until his retirement in the fall of 1983. By judgment of divorce entered on April 15, 1982, petitioner Elizabeth McDermott and Richard McDermott were divorced. That judgment provided for Richard McDermott to retain his former wife as beneficiary of pension benefits acquired during their marriage.
In November 1983, Richard McDermott retired and chose a service retirement with maximum benefits rather than any optional plan which would have provided a smaller pension to him during his life with the remainder going to his beneficiaries upon his death. The plan chosen by Captain McDermott, pursuant to Administrative Code of the City of New York § B28-49.0 (commonly known as the "Death Gamble” section) provided large advance payments prior to finalization of his pension, but his beneficiaries receive no benefits if the employee dies subsequent to finalization and the first regular pension payment. Captain McDermott designated his children as beneficiaries, in contravention of the divorce judgment.
On August 26, 1984, less than a year after retirement, Captain McDermott died and as a result of the option he selected and the fact that his pension was finalized and the first payment made, his beneficiaries were entitled to no benefits.
Petitioner, who had married the captain in 1958, seeks to overturn the decision of the Board denying her any benefits on the grounds that her former husband’s pension option violated the divorce judgment. Further, she seeks a declaration entitling her to the benefits of the pension by virtue of that judgment. Sadly, the petitioner may not enforce her rights under the judgment against the Board who received no notice of the terms of the judgment from the wife until after Captain McDermott died.
Among petitioner’s remedies for her husband’s failure to *671 abide by the judgment was a motion for contempt brought before his death to compel performance of the terms of the decree.
Now that her husband is dead, her recourse is an action for damages against the husband’s estate. In an analogous case, a separation agreement was incorporated into the judgment of divorce and required the husband to maintain a life insurance policy upon his life which would provide the wife with a minimum monthly support for the remainder of her life after his death. (Rodgers v Williamson, 154 NYS2d 194 [Sup Ct, NY County 1956].) The husband failed to provide such a policy and upon his death the wife sued and the court awarded damages against the estate in the amount of the benefits the wife was deprived of for the period of her life expectancy. Research by the parties and court has failed to unearth a case in which the party, here the pension fund from whom benefits were to be paid — was ordered to pay benefits to the former spouse, notwithstanding a judgment providing for such benefits. Matter of Spadaro v New York City Police Dept. Pension Serv. (115 Misc 2d 494 [Sup Ct, NY County 1982]), relied on by petitioner, is distinguishable. In Spadaro, the New Jersey judgment of divorce provided that the wife was to receive direct payment of one third of her former husband’s pension benefits. A copy of that judgment was filed with the Police Department in order to place them on notice of the judgment and the wife’s rights thereunder, The court held that such payments to the wife were not barred by statute and directed the department to pay her the benefits.
In the instant case, the Police Department was never notified of the divorce judgment or the petitioner’s interest in the pension. One wonders whether the attorneys who secured the judgment of divorce and failed to notify the proper agency of its terms, might not bear some responsibility for Mrs. McDermott’s plight. The fund, however, should not be made the banker for an account they never had.
Finally, petitioner has not sustained her burden of showing that in August 1983, when Captain McDermott applied for retirement, that he suffered from alcoholism and was incompetent to knowingly exercise his option. Captain McDermott was returned to full police duty after a diagnosis of alcoholism in 1973, and there is no evidence to support the proposition that the department had notice that thereafter at the time he retired, he was not competent to choose a pension benefit *672 option. (See, Ortelere v Teachers’ Retirement Bd., 25 NY2d 196 [1969].)
Accordingly, the application is denied and the petition is dismissed.