OPINION OF THE COURT
Morton I. Willen, J.
Plaintiff moves for an order, pendente lite, in a divorce action wherein equitable distribution of marital assets is in issue, staying and restraining defendant from electing any option on his retirement benefits which does not provide for "survivorship benefits”. The court denies the motion in all respects.
The parties herein have been married for a period of approximately 23 years. Defendant has already elected certain options from his plan with the New York City Transit Authority, none of which provide the plaintiff wife with any "survivorship options” in the event of defendant’s death.
*819 Domestic Relations Law § 234 authorizes a matrimonial court to make directions concerning the possession as between the spouses. Accordingly, where it appears that, by virtue of some action on the part of one of the litigants, an equitable distribution award may be rendered ineffectual thereby, the court is empowered to impose restraints, during the pendency of the litigation, upon the ability of a party to dispose of assets (Leibowits v Leibowits, 93 AD2d 535 [2d Dept 1983]). Thus, a temporary restraint upon a spouse’s disposition of property can be authorized under Domestic Relations Law § 234, without the necessity of seeking preliminary injunctive relief under CPLR article 63. Restraining orders are not to be granted automatically, however (see, Rubin v Rubin, 99 AD2d 774 [2d Dept 1984]; see also, Krause v Krause, 112 AD2d 862 [1st Dept 1985]). Recently, it was held that the court, in making an equitable distribution award in which a party’s pension and retirement benefits were involved, had the power to limit the selection of payment options of an employee-spouse to prevent the award to the nonpensioner spouse from becoming an illusion (McDermott v McDermott, 119 AD2d 370 [2d Dept 1986]). There the court barred the husband from selecting options with minimal survivor benefits, or no survivor benefits if he outlived his life expectancy, and directed the husband to make the wife the irrevocable beneficiary of his benefits to the extent of her interest in whatever option he chose (see also, Matter of McDermott v Police Pension Fund, 133 Misc 2d 669 [Sup Ct, NY County 1986]).
Here, however, defendant has already selected certain retirement options from the New York City Transit Authority, which, although lacking in "survivorship options”, do have the effect of making more money available for spousal maintenance by virtue of the greater monthly pension payment to defendant because of said election. Furthermore, this election was made with full knowledge of plaintiff with the understanding that more maintenance would be available to her. Finally, unlike the situation in McDermott (supra), this application is made pendente lite, before any determination has been made as to entitlement to any equitable distribution of marital assets, and, given the fact that there are other assets available for such division of property, defendant’s pension benefits may not be affected thereby.
Accordingly, this motion is denied.