Little Cherry, LLC v Cherry St. Owner LLC (2019 NY Slip Op 05497)





Little Cherry, LLC v Cherry St. Owner LLC


2019 NY Slip Op 05497


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9840 654136/16

[*1]Little Cherry, LLC, Plaintiff-Respondent,
v
Cherry Street Owner LLC, et al., Defendants-Appellants.
New York Community Bank, Plaintiff-Intervenor-Respondent,
v
Cherry Street Owner LLC, et al., Defendants.


Kasowitz Benson Torres LLP, New York (Paul M. O'Connor III, of counsel), for appellants.
Herrick Feinstein LLP, New York (Ross L. Hirsch of counsel), for Little Cherry, LLC, respondent.
Cullen and Dykman LLP, New York (Samit G. Patel of counsel), for New York Community Bank, respondent.



Order, Supreme Court, New York County (Andrea Masley, J.), entered October 2, 2018, which, to the extent appealed from as limited by the briefs, denied in part defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs.
Defendants' motion to dismiss was properly denied, as the amended complaint set forth a cause of action for declaratory relief (see generally Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1150 [2d Dept 2011]; Fillman v Axel, 63 AD2d 876, 876 [1st Dept 1978]). In the amended complaint, plaintiff, a ground lease tenant, alleges that, pursuant to Zoning Resolution § 12-10(f)(4), it is a party in interest in a portion of the tract of land covered by the written declaration consenting to the zoning lot merger, and seeks a declaratory judgment that the defendants cannot proceed with their development as planned without the express consent of plaintiff.
Defendants failed to establish, as a matter of law, that plaintiff is not a party in interest whose consent is required for the zoning lot merger (see generally Macmillan, Inc. v CF Lex Assoc., 56 NY2d 386, 389 [1982]). A ground lease tenant has an interest in a tract of land akin to the fee owner. Plaintiff in this case identified multiple adverse effects of the zoning lot merger, which could meet the requirement of Zoning Resolution 12-10(f)(4)(Y) that plaintiff be adversely affected by the Declaration (see Macmillan, Inc. v Cadillac Fairview Corp., 86 AD2d 15, 18 [1st Dept 1982], rev on other grounds sub nom. Macmillan, Inc. v CF Lex Assoc., 56 NY2d 386 [1982]). Plaintiff was also identified as a party in interest in a certification prepared in order to effectuate a prior zoning lot merger, and, in connection with that prior merger, also executed a waiver of declaration of zoning lot restrictions in which it was identified
as a party in interest. Both of these documents were filed with the New York City Department of Finance without any objection by defendants or the prior owner of the property.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK